Arthur Gr. Klein, J.
Motion to strike defendant’s answer, including the first, second, third and fourth separate defenses, for insufficiency, pursuant to rule 109 of the Buies of Civil Prac *180 tice, is granted, with leave to defendant to serve an amended answer within 10 days after service of a copy of this order with notice of entry thereof.
Plaintiff’s complaint alleges that he was improperly imprisoned for 25 years, including a nine-month stay in the Death House at Sing Sing; that he was prepared for execution and not until seven hours before the time fixed for his execution was he informed that his sentence had been commuted to life imprisonment ; that a writ of coram nobis was sustained by the Court of Appeals and the judgment of conviction vacated. The complaint further alleges that plaintiff’s conviction was procured upon material evidence known to the defendants to be false, that by reason of his unlawful imprisonment plaintiff has suffered severe impairment of his physical and mental health — all to his damage of $2,000,000.
Defendant’s answer contains four separate defenses, all of which plaintiff now seeks to strike for insufficiency, pursuant to rule 109 of the Buies of Civil Practice. The first separate defense alleges that plaintiff failed to comply with section 50-e of the General Municipal Law with respect to the time of filing his notice of claim. The second defense alleges that plaintiff failed to commence his action within the time prescribed by section 50-i of the General Municipal Law. The wrongs alleged by plaintiff continued throughout the entire period of plaintiff’s incarceration and until his release from prison. The notice of claim was filed within the prescribed 90-day period after his release from prison, and the action was commenced within one year thereafter. In view thereof, it is readily apparent that the defenses interposed with respect to this aspect of the litigation are clearly insufficient. The third and fourth defenses alleged that if defendant’s agents committed the acts complained of, the acts were performed in good faith and without malice. Although plaintiff uses the term “maliciously” in only one short paragraph of his eight-page complaint, the gravamen of the entire action is defendant’s alleged wrongful withholding of certain evidence at the trial. The alleged wrongful acts do not become less wrongful by virtue of the absence of malice. The third and fourth defenses are insufficiently related to the allegations of the complaint and consequently may not be permitted to stand.
That branch of the motion which seeks judgment on the pleadings pursuant to rule 112 of the Buies of Civil Practice is denied, without prejudice to a renewal thereof after service of defendant ’s amended answer, in the event the then existing state of the pleadings so warrants.